UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                            :

PERFECT PEARL CO., INC.,                     :
                            :

                  Plaintiff,     :       10 Civ. 3998 (PAE)
           -v-               :
                            :       OPINION & ORDER

MAJESTIC PEARL & STONE, INC.,          :
                            :

                  Defendant.    :
                            :
------------------------------------------------------------------------X

**PAUL A. ENGELMAYER, District Judge:**

      Plaintiff Perfect Pearl Co. ("Perfect") moves for leave to amend its complaint against

defendant Majestic Pearl & Stone, Inc. ("Majestic") to add claims of misuse of trademark notice

and false advertising under the Lanham Act and a claim of false advertising under New York

law, and to add to the factual basis for its existing claims of unfair competition under the Lanham

Act and New York law.  For the following reasons, Perfect's motion is granted in part and

denied in part.

**I.**      **Background**[1]

      Perfect commenced this action on May 14, 2010 with the filing of a complaint alleging

unfair competition under both the Lanham Act, 15 U.S.C. § 1125 *et seq.*, and New York law.

The gravamen of that complaint is that Perfect has allegedly used the marks MAJESTIC and

MAJESTIC PEARL in the course of its jewelry business since at least 1986, and that defendant

Majestic began using identical marks in its own jewelry business sometime thereafter, confusing

consumers and harming Perfect's relations with potential customers.  On October 13, 2010, the

---

[1] The account of the underlying facts and procedural history of this case is drawn from the
parties' pleadings, as well as their submissions in support of and opposition to the instant motion.
Except where specifically referenced, no further citation to these sources will be made.

Hon. Robert W. Sweet, to whom this case was then assigned, issued a scheduling order setting

the deadline for amended pleadings at January 6, 2011.  Dkt. 16.  Perfect noticed a Federal Rule

of Civil Procedure 30(b)(6) deposition of Majestic's corporate designee on October 29, 2010.

However, despite Perfect's repeated efforts to schedule that deposition with Majestic's Hong

Kong-based witness—efforts that culminated in the filing of a motion to compel—the deposition

did not occur until September 20, 2011.  In the interim, the parties exchanged document

discovery relating both to Perfect's claims and Majestic's counterclaims.[2]

       In a conference before the Court on November 1, 2011, to discuss, *inter alia*, the case

schedule following the November 30 close of discovery, Perfect's counsel advised the Court that

it was considering moving to amend the complaint based on information it learned in the

September 20, 2011 deposition of Majestic's Rule 30(b)(6) corporate designee.  There, Perfect

claims, it learned that: (1) Majestic does not own an active trademark registration for

MAJESTIC, but instead has falsely used the ® symbol with the MAJESTIC mark on advertising

and promotional materials which continue to be distributed to customers; and (2) Majestic's

representation on its website that it owns a registered trademark for MAJESTIC— which it uses

to distinguish itself from Perfect—is false (hereinafter, the "False Comparative Advertising

Statement").

       With the Court's permission, on November 29, 2011, Perfect brought this motion to

amend the complaint.  Perfect's proposed amended complaint ("PAC") contains four counts

instead of the two in the current complaint.  The new counts allege: (1) violation of the Lanham

Act, 15 U.S.C. § 1125(a), for misuse of a trademark notice, based on the ® in Majestic's

---

[2] Those counterclaims assert false designation of origin, unfair competition, and trademark
dilution under the Lanham Act, as well as various species of unfair competition, deceptive trade
practices, and unjust enrichment under New York law.

promotional materials; and (2) false advertising, also under the Lanham Act, based on both the promotional materials being distributed and the False Comparative Advertising Statement on Majestic's website.  Perfect also seeks to amend the existing count alleging a violation of New York law, so as to add a theory of false advertising to its current theory of unfair competition.

In support of its motion for leave to amend, Perfect argues that: (1) it did not unduly delay seeking this amendment, because it was not until the September 20, 2011 deposition of Majestic's Rule 30(b)(6) designee that it knew the facts necessary to make the new claims; (2) the long-delayed deposition supplies good cause under Fed. R. Civ. P. 16 to excuse noncompliance with the January 6, 2011 deadline for amended pleadings; and (3) its new claims are not futile, and thus may be added pursuant to Fed. R. Civ. P. 15.

In opposition, Majestic argues that: (1) Perfect was not diligent in amending its theory of the case because the information on which the new and amended claims are based was known to it from discovery produced over a year ago; (2) Perfect's additions would unduly prejudice Majestic at this stage of the case; (3) Perfect's claim for misuse of trademark notice is not an affirmative claim, but only a defense, and adding it is therefore futile; and (4) Perfect's false advertising claim is futile because it falls short of applicable pleading standards.

## II.   Applicable Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint shall be "freely" given when "justice so requires," although "a district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200–01 (2d Cir. 2007). However, when a scheduling order has been entered which has restricted a party's ability to file an amended complaint, Rule 15's liberal standard must be balanced against the more stringent

[3]

standard of Rule 16, under which such an order "may be modified only for good cause." Fed. R. Civ. P. 16(b)(4); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *Scott v. New York City Dep't of Corr.*, No. 10-931-cv, 2011 U.S. App. LEXIS 22168, at *2–3 (2d Cir. Nov. 2, 2011) (summary order).

Thus, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker*, 204 F.3d at 340; *see also Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009). To show good cause, a movant must demonstrate that it has been diligent, *see Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 266–67 (2d Cir. 2009); *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003), meaning that, "despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05-cv-3749, 2009 U.S. Dist. LEXIS 72659, at *24 (S.D.N.Y. Aug. 14, 2009) (citing *Rent-A-Center Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003)). A party fails to show good cause when the proposed amendment rests on information "that the party knew, or should have known, in advance of the deadline." *Sokol Holdings*, 2009 U.S. Dist. LEXIS 72659, at *24 (collecting cases); *see also Lamothe v. Town of Oyster Bay*, No. 08-cv-2078, 2011 U.S. Dist. LEXIS 120843, at *15–16 (E.D.N.Y. Oct. 19, 2011). Because compliance with Rule 16 is a threshold matter which may obviate the Rule 15 analysis, that issue is addressed first.

## III.    Discussion

### A.    Good Cause Under Rule 16

Here, Perfect has shown good cause under Rule 16 for the delay in adding allegations based on the continuing use of the ® symbol on Majestic's promotional materials, but has not

done so with regard to the new claims based on the False Comparative Advertising Statement and other content on Majestic's website.

### 1.    Continuing Use of the ® symbol

Perfect argues that it could not realistically have added allegations based on Majestic's continuing use of the ® symbol until the September 20, 2011 deposition of Majestic's Rule 30(b)(6) corporate designee revealed that fact.  The Court agrees.  Although Majestic notes that the promotional materials which display the ® symbol were produced in discovery in January, 2011, nearly a year ago, Perfect represents—and Majestic has not disputed—that the materials, as produced, were undated.  For the reasons that follow, that fact is important in justifying Perfect's failure, until now, to amend.

It is undisputed that earlier Majestic owned a registered trademark, MAJESTIC, for freshwater pearls, but that this trademark lapsed in March 2008, more than two years before this lawsuit was commenced.  Although the promotional materials containing the ® symbol—on which Perfect's proposed new claims are partially based—were largely ordered, manufactured, and delivered before that trademark was cancelled, Majestic retained a considerable backstock of those items and (Perfect alleges) continues to give these items to customers long after the registration expired.  In those circumstances—or, for that matter, where a trademark registration of promotional materials containing an ® symbol lapsed *before* production—a merchant's continued use and distribution of those materials may constitute false advertising.  But to bring such a claim, an adverse party would need to know not only when the promotional items were manufactured, but also, pivotally, when they were used, and whether that distribution and use postdated the lapse of trademark registration.  Majestic's production of undated promotional

materials in January 2011 did not reveal its post-2008 distribution and use of the materials. Rather, Perfect first learned that in the September 20, 2011 deposition.

Majestic counters that Perfect could have used other discovery tools, such as requests to admit, to learn that fact. This argument is unpersuasive. Perfect noticed the Rule 30(b)(6) deposition in October 2010 but, despite its persistent efforts, had to wait almost a year for Majestic to produce its witness. Perfect had every reason to expect Majestic to produce its corporate designee in a timely manner, and therein to be able to pose questions on this subject. The Court concludes that, prior to the January 6, 2011 deadline for amended pleadings, Perfect neither knew, nor should have known, of Majestic's *continuing* use of the lapsed ® symbol. Perfect has thus shown good cause under Rule 16 for setting aside that deadline to add claims based on those facts. *See Oscar v. BMW of N. Am., Inc.*, No. 09-cv-11, 2011 U.S. Dist. LEXIS 146395, at *6 (S.D.N.Y. Dec. 20, 2011) (citing *Sokol Holdings*, 2009 U.S. Dist. LEXIS 72659, at *24).

## 2.    The False Comparative Advertising Statement

By contrast, Perfect has not shown good cause for failing to timely add allegations relating to the False Comparative Advertising Statement on Majestic's website. Perfect wishes to add allegations that Majestic's website disparaged Perfect for not having a registered trademark, despite the fact that Majestic's own registration had long ago expired. But it would have taken Perfect little investigation and probably no more than 15 minutes' time to determine that Majestic's publicly-accessible website continued to falsely claim registered trademark status. Moreover, it is undisputed that printouts of Majestic's website, including the Q&A

[6]

section containing the False Comparative Advertising Statement,[3] were produced to Perfect in discovery in early January 2011.  Perfect has not shown good cause under Rule 16 for waiting until November 2011 to act on information that was clearly in its possession some 10 months earlier.  Accordingly, Perfect's motion to add factual allegations relating to Majestic's website (including the False Comparative Advertising Statement) of which it was aware a year ago, is denied.[4]

### B.    Compliance with Rule 15

As noted *supra*, Rule 15(a)(2) provides that leave to amend a complaint shall be "freely" given when "justice so requires," although "a district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy*, 482 F.3d at 200–01.  Majestic opposes Perfect's PAC on each of these grounds. Because Majestic focuses primarily on its claim that adding counts II and III of Perfect's PAC would be futile, the Court addresses that issue first.

### 1.    Futility

A proposal to amend a complaint is futile if the proposed amended complaint would fail to state a claim on which relief could be granted.  *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002); *see also Gorham-DiMaggio v. Countrywide Home Loans, Inc.*, 421 F. App'x 97, 101 (2d Cir. 2011) (summary order).  The question whether an amendment would be futile is therefore governed by the same standard that applies to whether an

---

[3] Majestic asserts that printouts of the Q&A section of the website containing the False Comparative Advertising Statement were produced in January 2011.  Perfect does not specifically dispute this.  The Court therefore assumes that the Q&A section was produced to Perfect at that time.

[4] For much the same reasons, the Court independently concludes that an amendment today to add these allegations would fail because of undue delay even under the more lenient standard of Fed. R. Civ. P. 15.  *See McCarthy*, 482 F.3d at 200–01.

already-filed pleading states a claim. *Dougherty*, 282 F.3d at 88; *Rodriguez v. New York City Police Dep't*, No. 10-cv-891, 2011 U.S. Dist. LEXIS 122871, at *7–8 (S.D.N.Y. Oct. 24, 2011). Under that standard, the proposed amended complaint must contain factual allegations amounting to "more than an unadorned, the-defendant-unlawfully-harmed me accusation," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), such that those allegations, if accepted as true, "state a claim for relief that is *plausible on its face*." *South Cherry St. LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 110 (2d Cir. 2009) (emphasis in original). Here, Majestic asserts that counts II and III of Perfect's PAC—alleging misuse of trademark notice and false advertising—are futile. Because Majestic does not assert futility as to the newly-added portion of count IV, false advertising under New York law, the Court does not address that point.[5]

### a)     Count II for Misuse of Trademark

Majestic is correct that the addition of count II of Perfect's PAC, alleging misuse of trademark notice, is futile because such any such misuse constitutes only an affirmative defense not a free-standing cause of action. Numerous courts have so held, and have therefore declined "to announce or create an independent cause of action for trademark misuse." *Ford Motor Co. v. Obsolete Ford Parts*, 318 F. Supp. 2d 516, 521 (E.D. Mich. 2004); *see also 1-800 Contacts, Inc. v. Mem'l Eye, P.A.*, No. 08-cv-983, 2010 U.S. Dist. LEXIS 131790, at *12 n.22 (D. Utah Dec. 13, 2010); *Santander Consumer USA Inc. v. Walsh*, 762 F. Supp. 2d 217, 239 (D. Mass. 2010); *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1212–13 (M.D. Fla. 2005); *Famology.Com, Inc. v. Perot Sys. Corp.*, 158 F. Supp. 2d 589, 592 (E.D. Pa. 2001); *Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F. Supp. 2d 823, 831 (E.D. Va. 2001); *Juno Online*

---

[5] The Court does note that while Perfect refers to false advertising as a common law claim under New York law, it is in fact prohibited by statute at N.Y. Gen. Bus. Law § 350.

*Services, L.P. v. Juno Lighting, Inc.*, 979 F. Supp. 684, 685–87 (N.D. Ill. 1997).  This Court similarly declines to do so.  Count II of Perfect's PAC therefore fails to state a claim upon which relief can be granted, and its addition would be futile.

      **b)**      **Count III for False Advertising**

Majestic argues that adding count III, for false advertising under the Lanham Act, would be futile, because it is in fact a claim of trademark misuse that is improperly cast as a claim for false advertising under the Lanham Act.  The Court disagrees.  The mere fact that Majestic's continued production and dissemination of materials displaying the ® symbol after Majestic's registration expired can be the basis for a claim of trademark misuse under the Lanham Act does not prevent Perfect from also basing a claim of false advertising upon it.  As the noted scholar J. Thomas McCarthy, whom both parties cite as authoritative, has opined, the "use of . . . the ® adjacent a mark not federally registered is . . . a form of false advertising which may result in serious repercussions."  3 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 19:146 (4th ed. 2011).  And the Lanham Act clearly creates a cause of action for false advertising.  *See, e.g.*, *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 153 (2d Cir. 2007); *Erchonia Corp. v. Bissoon*, 410 F. App'x 416, 419 (2d Cir. 2011) (summary order); *L. & J.G. Stickley, Inc. v. Cosser*, 255 F. App'x 541, 541 (2d Cir. 2007) (summary order).

Furthermore, Perfect's factual allegations in support of its false advertising claim satisfy the applicable pleading standards.  Majestic claims that a plaintiff pressing a false advertising claim under the Lanham Act, premised on alleged misuse of a trademark notice, must prove that the misuse was willful.  Perfect disputes this point of law.  It is unnecessary to resolve that dispute because, even if there were a willfulness element, Perfect has pled sufficient facts to plausibly support an inference of willfulness.  In particular, Perfect has pled that Majestic has

[9]

known for more than two years that it did not own an active registered trademark, yet has persisted in disseminating promotional materials with the ® symbol to potential customers.  *See* PAC ¶¶ 27–29.  These allegations satisfy the pleading standard as elucidated in *Iqbal*.

In sum, the Court finds that the addition of count II would be futile, but that the addition of count III would not.

### 2.    Undue Delay

Majestic also argues that the PAC is unduly delayed.  For the reasons discussed above, Perfect's PAC is not unduly delayed insofar as it asserts new facts and claims based on the continuing use of the ® symbol after Majestic's registration had expired.  Because the Court has already held that Perfect lacked good cause to add allegations relating to Majestic's website and the False Comparative Advertising Statement after the deadline in Judge Sweet's scheduling order, it need not address the issue of undue delay as to those allegations.

### 3.    Bad Faith

Majestic also makes a cursory claim that Perfect acted in bad faith in denying knowledge before the 30(b)(6) deposition of Majestic's continuing use of the ® symbol and the content of its website.  Majestic offers no support whatsoever for that conclusory accusation.  This claim is, emphatically, rejected.

### 4.    Prejudice

Finally, Majestic also claims it would be prejudiced by the PAC's proposed additions. An "[a]mendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute."  *AEP Energy Servs. Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 725 (2d Cir. 2010).  Majestic argues that "[e]ach of [Perfect's] proposed new

claims would require significant additional discovery"; however, it concretely identifies only one issue as to which additional discovery would, purportedly, be necessary—its own intent.  As to that element, as noted, the Court has not resolved, but instead has assumed *arguendo*, that a false advertising claim premised on a misuse of trademark notice requires a showing of willfulness. Any discovery as to that issue would, presumably, be sought by Perfect—for Majestic should have accessible to it the evidence bearing on its own state of mind—and Perfect represents that it is not seeking additional discovery.  Majestic has not identified any additional discovery it would need to defend against the new claims.  Nor, finally, does granting in part the motion to amend threaten to protract this litigation materially.  Indeed, this motion was *sub judice* for far shorter than the time it took for Majestic to produce its Rule 30(b)(6) witness after that deposition was noticed.  Accordingly, the Court finds that Majestic would not be significantly prejudiced by permitting the complaint to be amended.

## **CONCLUSION**

For the foregoing reasons, Perfect's motion for leave to amend its complaint is granted in part and denied in part.  Perfect may add a claim for false advertising under the Lanham Act (count III in the PAC) and a theory of false advertising under New York law (a portion of count IV in the PAC).  Perfect may also add factual allegations, in support of any or all of its claims, regarding Majestic's continuing use of the ® symbol after Majestic's registration expired.  However, Perfect may not add a claim for misuse of trademark notice (count II in the PAC), and may not add any factual allegation relating to Majestic's website, including the False Comparative Advertising Statement.  Perfect is afforded through Tuesday, January 17, 2012 to file an amended complaint in compliance with this Opinion & Order.

In accordance with the Court's Order of December 5, 2011 (Dkt. 36), the parties are directed to notify the Court, by letter, no later than Friday, January 20, 2012 whether they still intend to move for summary judgment, at which time the Court will, if necessary, set a schedule for a second round of pre-summary judgment letters and another pre-motion conference.

The Clerk of Court is directed to terminate the motion at docket number 33.

SO ORDERED.

Paul A. Engelmayer
Paul A. Engelmayer
United States District Judge

Dated: January 11, 2012
      New York, New York

[12]